JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Latavius Moore appeals from the sentence imposed by the trial court on October 7, 2003. For the reasons that follow, we vacate defendant's sentence and remand for resentencing.
 {¶ 2} On November 2, 2000, defendant pled guilty to aggravated robbery, aggravated burglary, kidnapping, and felonious assault. The charges arose from events that occurred on August 17, 2000. Defendant, his girlfriend, and his girlfriend's juvenile brother brutally attacked a woman who was allowing them to live in her home. The victim came home from work and went to her bedroom and closed the door. She was calling 911 when the defendant and the juvenile broke down the door and attempted to rip the phone out of the wall. The call was not disconnected and the attack was recorded by 911 and played at defendant's original sentencing hearing. Defendant is heard demanding the victim's credit cards and PIN numbers and threatening the victim's life. Meanwhile, the victim was hogtied and beaten in the head with a padlock as defendant's girlfriend rifled through the victim's purse.
 {¶ 3} Defendant's girlfriend tried to convince police that nothing was wrong when they arrived at the residence and interrupted the attack. The police, however, heard noises and eventually discovered the victim. The record indicates that there was blood everywhere. Defendant and the others were arrested and the victim was taken to the hospital and treated with stitches.
 {¶ 4} Defendant has accepted responsibility and claimed that it was all his fault. The victim has asked the court for leniency on defendant's and his co-defendants' behalf throughout the various proceedings in this matter.
 {¶ 5} The court initially sentenced defendant on November 29, 2000 and imposed maximum consecutive sentences for a total prison term of 38 years. Defendant appealed and this Court affirmed in part, reversed in part, and remanded for resentencing. State v.Moore, Cuyahoga App. No. 79353, 2002-Ohio-2133 ("Moore I"). On remand, the trial court again imposed the 38 year prison term. Defendant appealed and this Court reversed and remanded for resentencing in State v. Moore, Cuyahoga App. No. 81724, 2002-Ohio-3349 ("Moore II").
 {¶ 6} The trial court resentenced defendant on October 7, 2003. The court made certain findings and gave its reasons and incorporated reasons it had given in the prior sentencing hearings. This time, however, the court imposed a prison sentence totaling 22 years. The court did not impose maximum sentences but did impose consecutive sentences based on certain judicial findings. Defendant asserts four assignments of error for our review that will be addressed in order and together where appropriate for discussion.
 {¶ 7} "I. The trial court erred by failing to make a finding giving its reasons for imposing a sentence in excess of the maximum allowed for the offense of the highest degree.
 {¶ 8} "II. The court erred by ordering the defendant to serve consecutive sentences without stating on the record its reasons for making the required findings."
 {¶ 9} R.C. 2929.14(E)(4) provides in pertinent part:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} R.C. 2929.19(B)(2)(e) requires that the trial court state its "reasons" for imposing consecutive sentences and for imposing maximum sentences for offenses arising out of a single incident. The requirement that a court give its reasons for selecting a sentence is separate and distinct from the duty to make the findings. State v. Comer, 99 Ohio St.3d 463, 467,2003-Ohio-4165.
 {¶ 15} The court made certain findings on the record that would, if supported by clear and convincing evidence in the record, allow the court to impose consecutive sentences. The court imposed a 22 year sentence as follows: nine years on count one, seven years on count two, six years on count three, and eight years on count four; counts one, two, and three to be served consecutively, and count four to run concurrent. The court concluded that it believed "that consecutive sentences are necessary to protect the public from [defendant's] future conduct for all the reasons set in all sentencing hearings, one, two, and three." (Tr. 21).
 {¶ 16} During the pendency of this appeal, the United States Supreme Court issued its decision in Blakely v. Washington
(June 24, 2004), No. 02-1632, 72 U.S.L.W. 4546. Since defendant has challenged his sentence claiming both that it is contrary to law and unconstitutional, we believe it is necessary to consider the effect of Blakely on defendant's sentence in this case.
 {¶ 17} In Blakely, the U.S. Supreme Court held that:
 {¶ 18} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 19} In this case, the court could impose consecutive sentences only by making judicial findings beyond those either determined by a jury or stipulated to by the defendant. Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury. Therefore, defendant's first and second assignments of error are sustained and his sentence is vacated and remanded for consideration of the application of Blakely to defendant's sentence.
 {¶ 20} "III. The trial court erred in failing to impose a sentence that was consistent with sentences imposed for similar offenses."
 {¶ 21} Given our disposition of Assignments of Error I and II, we do not find it necessary to address Assignment of Error III, which is moot. App.R. 12(A)(1)(c).
 {¶ 22} "IV. The court erred by sentencing the defendant to twenty-two years for the commission of a single, serious crime in violation of the Eighth Amendment prohibiting against disproportionately excessive prison sentences."
 {¶ 23} Defendant does not challenge the constitutionality of the range of sentences allowed by law for each of the crimes to which he pled guilty. Instead, defendant maintains that the sentence the trial court selected results in cruel and unusual punishment because he says it is disproportionately excessive to the offense and the harm caused. Because we have vacated the sentence and remanded for resentencing pursuant to the first and second assignments of error, this assignment of error is moot. However, we note that while a 22-year sentence is lengthy, it falls within the limits allowed by law and is not cruel or unusual under the Eighth Amendment.
 {¶ 24} Assignment of Error IV is overruled.
 {¶ 25} Sentence vacated; case remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Gallagher, J., concur.