{¶ 29} I respectfully dissent from that part of the majority's decision to remand the matter to allow the parties the opportunity to brief the constitutionality of defendant's sentence in light of the Blakely decision. Despite my previous concurrence with the majority's position in State v. Moore,
Cuyahoga App. No. 83653, 2004-Ohio-5383, I have reconsidered the issue and agree with other decisions in this court that have found Blakely inapplicable in cases that do not involve a sentence which exceeds the statutory maximum sentence. See Statev. Ford, Cuyahoga App. No. 84138, 2004-Ohio-5610; State v.Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895. Further, I see no reason to remand the action for an additional hearing on the application of Blakely.
 {¶ 30} The United State Supreme Court in Blakely v.Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, applied the rule expressed in Apprendi v. New Jersey (2000), 530 U.S. 466,490, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely only addressed the impropriety of a trial court's enhancement of a penalty for a crime beyond the statutory maximum sentence.
 {¶ 31} Significant debate has occurred regarding whetherBlakely is applicable to cases involving sentences that do not exceed the statutory sentencing range. I do not believeBlakely, as written, is applicable to such situations. Further,Blakely did not address concurrent or consecutive sentences and should not be applied to such sentences. The decision to sentence concurrently or consecutively is within the judge's power, and provided each sentence does not exceed the prescribed statutory maximum, there is no basis for applying Blakely.
 {¶ 32} Although I am cognizant of the fact that Ohio trial court judges need and deserve guidance on issues raised byBlakely, caution at this stage is important. There are two cases currently pending before the United States Supreme Court that were scheduled for oral argument on October 4, 2004. SeeUnited States v. Booker (Aug. 2, 2004), 125 S.Ct. 11; UnitedStates v. Fanfan (Aug. 2, 2004), 125 S.Ct. 12. These case decisions will likely provide additional clarity on the scope of the Sixth Amendment issues raised by Blakely.
 {¶ 33} Further, Blakely does not address or deal with the more pressing and ongoing problems associated with Ohio's sentencing factors. Undefinable, vague and uncertain concepts, such as "worst form of the offense," do more to complicate Ohio's sentencing law than anything raised in Blakely.
 {¶ 34} For these reasons I would affirm the decision of the trial court.