[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ENTRY ON APPLICATION FOR RECONSIDERATION AND MOTION TO CERTIFY A CONFLICT
{¶ 1} This matter comes on for review of a joint application for reconsideration and motion to certify a conflict filed by David A. Wheeler, defendant below and appellant herein, pursuant to App.R. 26(A) and App.R. 25, respectively. Appellant requests this Court to reconsider our decision in which we sustained the appellant's assignment of error, reversed the trial court's judgment and remanded the case for re-sentencing. See State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598 ("Wheeler I"). In the event we do not grant reconsideration of our decision, he asks us to certify this case to the Ohio Supreme Court to resolve alleged conflicts with an Eleventh District decision and an Eighth District decision.
 BACKGROUND {¶ 2} In 2002, the appellant pled guilty to burglary in violation of R.C. 2911.12(A)(4) and to two counts of theft in violation of R.C.2913.02(A)(1). The trial court sentenced the appellant to the maximum allowable prison sentence on each offense.
 {¶ 3} In his appeal, appellant argued that the trial court did not follow the required procedure necessary to impose maximum sentences and that the imposition of maximum sentences were based on factors which he did not admit, or were not found by a jury. Thus, the appellant reasoned, his sentence violated the holding of the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403,124 S.Ct. 2531.
 {¶ 4} A majority of this Court agreed with the appellant's first assignment of error and held that the trial court did not follow the requisite procedure delineated by the Ohio Supreme Court in State v.Comer, 99 Ohio St.3d 464, 793 N.E.2d 473, 2003-Ohio-4165, at paragraph two of the syllabus.[1] We rejected the appellant's second assignment of error, however, and held that Blakely did not apply in Ohio because our sentencing laws are different from the laws at issue in that case. The trial court's judgment was nevertheless reversed and the case remanded for resentencing.
 {¶ 5} The same day that we decided Wheeler I, the Eleventh District issued an opinion in State v. Sprowls, Lake App. No. 200-L-056,2004-Ohio-6328, that reversed the imposition of a maximum sentence, and then declined to consider a Blakely challenge to that conviction on grounds that the issue was rendered moot. Five days later, the Ohio Supreme Court issued a writ of prohibition in State ex rel. Mason v.Griffin, 104 Ohio St.3d 279, 819 N.E.2d 644, 2004-Ohio-6384, to prevent a trial court judge from holding a "jury sentencing hearing" in his effort to comply with what he believed Blakely required. The Ohio Supreme Court determined that no authority appears in either the Ohio Constitution or the Ohio Revised Code for holding such a "jury sentencing hearing" and, thus, the judge had no jurisdiction to do so and a writ of prohibition was warranted. The Court then opined that it "need not address the [C]onstitutional issue posed by Blakely." 104 Ohio St.3d at ¶ 20.
 {¶ 6} On December 3, 2004, the appellant filed his joint application for reconsideration and motion to certify a conflict. Although the appellant asked us to consider the Blakely issue in the first place, he now argues that we should not have addressed that issue after we sustained his first assignment of error. He asserts that we should treat the Blakely issue as having been rendered moot and either reconsider our ruling in light of State ex rel. Mason, or certify a conflict between this case and Sprowls. For the following reasons, we find no merit in either argument.
 Application for Reconsideration {¶ 7} We begin our review by noting that App.R. 26(A) does not specify an exact standard against which such a request should be measured. The test generally applied under this rule is to determine whether the application for reconsideration calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was not considered at all or was not fully considered by us when it should have been. See e.g. State v. Wong (1994), 97 Ohio App.3d 244,246, 646 N.E.2d 538, 539; Woerner v. Mentor Exempted Village SchoolDist. Bd. of Edn. (1993), 84 Ohio App.3d 844, 846, 619 N.E.2d 34, 36;State v. Gabel (1991), 75 Ohio App.3d 675, 676, 600 N.E.2d 394;Skillman v. Browne (1990), 68 Ohio App. 615, 617, 589 N.E.2d 407, 408;Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, 516.
 {¶ 8} Appellant takes the position that, although State ex rel. Mason
was not decided until five days after this case, we nevertheless erred for failing to follow that ruling. We find differently, however, with the proposition that a proper basis exists for a motion for reconsideration when this court fails to follow a Supreme Court case that had not been decided at the time of our decision.
 {¶ 9} Further, even if the case had been decided, we believe that the two cases are distinguishable. In State ex rel. Mason, the appellant had not yet been sentenced. The trial court in that case may have imposed the minimum allowable sentence under law which, presumably, would be permissible under even the most expansive reading of Blakely. By contrast, in the instant case the trial court imposed sentences and those sentences are more than the minimum allowable sentences under Ohio law thus raising the Blakely issue. Had this case had the same factual pattern as State ex rel. Mason, we, too, would have declined to consider the Blakely issue until such time as prison sentences were actually imposed. That option was not available to us given the facts of this case. Appellant had already been sentenced and the Blakely issue was squarely raised in his second assignment of error thus obligating us to consider it on appeal.
 {¶ 10} Therefore, State ex rel. Mason was decided five days after our decision in the case sub judice, and because the facts in State ex rel.Mason are distinguishable from the facts in this case, we find no merit to the appellant's argument that an obvious error exists in our decision or that we did not fully consider an issue that should have been considered.
 {¶ 11} Accordingly, we hereby deny the appellant's application for reconsideration.
 Motion to Certify a Conflict {¶ 12} With respect to the appellant's request to certify a conflict between this case and Sprowls, we find that issue also to be without merit. Even assuming arguendo that a conflict exists between these two cases, it is not clear that this Court should be the one to certify that conflict. Both opinions were released the same day. If Sprowls was issued before Wheeler I, then we would arguably be in conflict with that opinion and would be the proper court from which to request a conflict certification.
 {¶ 13} If we issued our opinion first, however, we would not be in conflict with the Eleventh District. Rather, their opinion would be in conflict with us and the Eleventh District is the proper forum from which to request conflict certification. Just as a court cannot be said to have committed error for not following a Supreme Court ruling that had not yet been issued, a decision cannot be said to be in conflict with another decision that has not yet been released. Without a definitive showing that Sprowls was filed before Wheeler I (we note that the appellant has not addressed that issue in his brief) we cannot determine whether our decision is in actual conflict with a decision from another district.
 {¶ 14} That said, even if Sprowls was issued prior to Wheeler I, we believe that no certifiable conflict exists. In order to qualify for certification to the Supreme Court pursuant to Section 3(B)(4), ArticleIV of the Ohio Constitution, a certifying court must find that its judgment conflicts with the judgment of a court of appeals of another district and the asserted conflict must be upon the same question oflaw. See Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, 596,613 N.E.2d 1032.
 {¶ 15} The alleged conflict between this Court's opinion and the Eleventh District is not on a "question of law." To the contrary, we simply addressed an assignment of error whereas the Eleventh District chose not to address it pursuant to its authority under App.R. 12(A)(1)(c). Disregarding an assignment of error as moot is a discretionary decision. See e.g. Allgire v. Buckeye State Mut. Ins. Co.,
Miami App. No. 02CA59, 2003-Ohio-3760, at ¶ 16; State v. Baker (Dec. 29, 1995), Montgomery App. Nos. 15050 15051, rev. on other grounds inState v. Baker (1997), 78 Ohio St.3d 108, 676 N.E.2d 883.
 {¶ 16} The Eleventh District exercised its discretion one way in deciding Sprowls and we exercised our discretion another way in decidingWheeler I.[2] There is no conflict on a rule of law here; rather, a conflict on how each court exercised its discretion in determining how to respond to an assignment of error. This is insufficient to certify a conflict pursuant to Section 3(B)(4), Article IV, Ohio Constitution. Thus, the motion to certify is without merit. To have a certifiable conflict on a question of law in this case, the Eleventh District must have held that Blakely does apply in Ohio, whereas we determined that it does not.
 {¶ 17} Finally, the appellant also asserts that this Court could certify a conflict between this case and State v. Moore, Cuyahoga App. No. 83653, 2004-Ohio-5383 in which the Eighth District reversed a trial court's imposition of consecutive sentences and remanded the case "for consideration of the application of Blakely to defendant's sentence."2004-Ohio-5383, at ¶ 19.[3] We find no certifiable conflict between that case and this one for two reasons. First, the language in Moore is confusing and it is unclear whether the Eighth District adopted the holding of Blakely. If it had, then the Court could have simply reversed the conviction and imposed minimum sentences. Instead, it returned the entire issue to the trial court to consider whether Blakely applied. There does not, as yet, appear to be any clear consensus by the appellate Court that Blakely applies in Ohio.
 {¶ 18} Second, the Eighth District appears to be in conflict with itself as to whether Blakely applies to consecutive sentencing. The opinion in Moore suggests that it may, but the opinion in State v.Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895, at ¶¶ 16-17 suggests that it may not. Until our colleagues on that Court reach a clear consensus on whether Blakely applies to consecutive sentencing, we are unable to conclude that there is a conflict between their cases and ours.
 {¶ 19} Before closing, we note our general agreement with the appellant that Blakely raises important issues that need to be addressed by the Ohio Supreme Court, particularly in light of the recent decision in United States v. Booker (2005), ___ U.S. ___, ___ L.Ed.2d ___, ___ S.Ct. ___ (www.supremecourtus. gov/opinions/04pdf/04-104.pdf).[4] This is not the vehicle, however, to get those issues before the Court. We nevertheless join with the appellant in urging the Ohio Supreme Court to take up these matters as quickly as possible.
 {¶ 20} Accordingly, based upon the foregoing reasons, we find no merit in the appellant's application for reconsideration or the appellant's motion to certify a conflict and they are hereby denied.
Application for Reconsideration is denied; Motion to certify conflict is denied.
Harsha, J. Kline, J.: Concur.
[1] Judge Harsha dissented from that ruling. Wheeler I, supra at ¶¶ 25-27.
[2] We parenthetically note that we were not even so much ruling on a question of law as we were simply reiterating our holding in State v.Scheer, 158 Ohio App.3d 432, 816 N.E.2d 602, 2004-Ohio-4792, at ¶ 15, which held that Blakely does not apply in Ohio.
[3] We parenthetically note that Moore was decided by the Eighth District on October 7, 2004. Although this was after appellant filed his brief in the case sub judice, he could have filed a notice of additional authority citing to that case but neglected to do so. We further note that, after spending most of his application/motion arguing that we erred in considering the merits of his second assignment of error, appellant now retreats from that argument and posits that we were correct in considering it — we just reached the wrong conclusion.
[4] The real issue that needs to be resolved of course is the constitutionality of Ohio's felony sentencing laws in light of Blakely — not whether a court should, or should not, address the issue in light of the mootness doctrine (which, to be honest, is little more than a frivolous "red herring" in this case).