DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. The trial court accepted the no contest plea of Larry Morris, defendant below and appellant herein, and found him guilty of failing to comply with the order of a police officer in violation of R.C. 2921.331(B).
 {¶ 2} The following error is assigned for review:
"The trial court erred to the prejudice of the defendant when, in addition to imposing a seventeen month sentence upon the defendant's conviction for a fourth degree felony, the court imposed a twelve month consecutive term of incarceration based upon a finding that the defendant had committed the fourth degree felony offense during a period of post release control. The court's exercise of its power under 2929.141(b)R.C. violated rights secured to the defendant under the Fifth, Sixth andFourteenth Amendments of the United States Constitution."
 {¶ 3} This appeal is somewhat unusual in that it involves both the case sub judice (Highland Common Pleas No. 03 CR 227) as well as a prior criminal case that involved appellant (Highland Common Pleas No. 03 CR 013). In March of 2003, appellant was convicted of failing to comply with the order of a police officer in violation of R.C. 2921.331(B) (Case No. 03 CR 013). The court sentenced appellant to serve six months in prison. At some point, appellant was "released on post release control supervision."[1]
 {¶ 4} In the early hours of September 12, 2003, while apparently still on post release control supervision, appellant was driving on Jefferson Street in Greenfield when a police officer signaled for him to pull to the side of the road. Appellant failed to obey that signal and led the officer on a high speed chase through the city. When appellant was eventually stopped, authorities found drugs in his possession.
 {¶ 5} On October 2, 2003, the Highland County Grand Jury returned an indictment (Case No. 03 CR 227) charging appellant with failure to comply with the order of a police officer in violation of R.C. 2921.331(B), drug possession in violation of R.C. 2925.11, and drug trafficking in violation of R.C. 2925.03(B). The parties reached an agreement whereby appellant would plead no contest to a lesser charge of count one in exchange for dismissal of the other two counts and dismissal of another case against him (another case other than 03 CR 013). The matter came on for hearing on September 3, 2004. At the hearing the court explained to appellant his various rights, heard a brief recitation of the facts, accepted appellant's plea and then found him guilty of the charge pursuant to the plea agreement.
 {¶ 6} Later that day, the trial court sentenced appellant to seventeen months in prison. Additionally, pursuant to the R.C. 2929.141, the trial court found appellant guilty of violating his post-release control in Case No. 03 CR 013 and sentenced him to serve a twelve month prison term in that case[2] to be served consecutively with the seventeen month sentence. This appeal followed.
 {¶ 7} Appellant's sole assignment of error does not challenge the seventeen month sentence in the present case (Case No. 03 CR 227). Appellant does challenge, however, the twelve month sentence in Case No. 03 CR 013, but only to the extent that the court ordered it to be served consecutively to the sentence imposed in this case. Specifically, appellant argues that the trial court's decision that appellant serve the two sentences consecutively required the trial court to make certain factual findings that violated his Sixth Amendment right to trial by jury. In support of this argument, appellant cites the recent United State Supreme Court decisions in Blakely v. Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___, ___ L.Ed.2d ___, 125 S.Ct. 738.
 {¶ 8} Appellant argues that the rulings in Blakely and Booker mandate that the factual findings necessary to impose consecutive sentences under R.C. 2929.141 must be made by a jury or the order to serve such sentences consecutively violates appellant's Sixth Amendment right to trial by jury. We disagree with appellant.
 {¶ 9} First, this Court held in State v. Scheer, 158 Ohio App.3d 432,816 N.E.2d 602, 2004-Ohio-4792, at ¶ 15, that Blakely does not apply to Ohio's sentencing scheme. We have continued to adhere to that ruling, see e.g. State v. Sideris, Athens App. No. 04CA37, 2005-Ohio-1055, at ¶ 15;State v. Wheeler, Washington App. No. 04CA1, 2005-Ohio-479, at ¶ 16, fn. 2 (Entry on Application for Reconsideration and Motion to Certify a Conflict); State v. Hardie, Washington App. No. 04CA24, 2004-Ohio-7277, at ¶¶ 7-9, and will continue to do so until the Ohio or the United States Supreme Courts come to the opposite conclusion.
 {¶ 10} We readily acknowledge, however, that recent rulings inBooker, 125 S.Ct. 738 and State v. Bruce, Hamilton App. No. C-040421,2005-Ohio-373, call into question the constitutionality of Ohio's Felony Sentencing Laws. For that reason, we urge the Ohio Supreme Court to review Ohio's sentencing statutes as quickly as possible. Until that time, however, we will abide by Scheer.
 {¶ 11} Second, as to the applicability of Blakely to imposition of consecutive sentences, this Court has previously considered and rejected that argument. See e.g. State v. Wheeler, Washington 04CA1, 2004-Ohio-6598, at ¶ 23, as has the Eighth District, see e.g. State v. Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895 at ¶ 16.[3] We find nothing in appellant's brief to cause us to reconsider and we continue to adhere to that position until the Ohio or United States Supreme Court concludes otherwise.
 {¶ 12} For these reasons, we find no merit in appellant's assignment of error. Accordingly, we hereby overrule the assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Only
McFarland, J.: Concurs in Judgment Opinion
[1] None of the original papers from Case No. 03 CR 013 were made a part of the record in this case. Thus, we take this information both from the few scattered references that are made to that case in the sentencing transcript and the exhibits that are attached to the State's appellate brief. We acknowledge that exhibits attached to a brief that were not introduced in the trial court proceedings are not technically part of the record on appeal. However, because the proceedings in Case No. 03 CR 013 are integral to understanding how the court proceeded in this case, we reference them anyway.
[2] R.C. 2929.141(B) states, in pertinent part, that a "person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee [sic] and the court may do either or both of the following for a person who is either a releasee [sic] or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control:
(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee [sic], the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee [sic] has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony.
[3] We note that some indication exists that the Eighth District may have reconsidered the application of Blakely to imposition of consecutive sentences. See State v. Moore, Cuyahoga App. No. 83653, 2004-Ohio-5383 at ¶ 19 (the appellate court reversed a lower court imposition of consecutive sentences and remanded the matter "for consideration of the application of Blakely to defendant's sentence.")