OPINION
{¶ 1} Defendant-Appellant Ryan P. Kelley ("Ryan") appeals two separate judgments of the Auglaize County Common Pleas Court sentencing him to an aggregate prison term of 49 months and 30 days.
 {¶ 2} On November 19, 2004, Ryan's father, Michael Kelley ("Michael"), called the Wapakoneta Police Department to report that Ryan had stolen personal checks belonging to himself and Ryan's mother. Michael also reported that Ryan had transferred money from the Kelleys' savings account and into their checking account in order to cash checks, and he requested that the police arrest Ryan upon his arrival at their home. At the Kelley residence, police officers placed Ryan in the back of a cruiser for questioning, but while the officers were inside the home, Ryan's girlfriend released him. Although canines tracked Ryan, he was not apprehended that evening. On December 3, 2004, Ryan was arrested in Licking County on unrelated matters. On December 10, 2004, Ryan was booked at the Auglaize County Jail. During the booking process, a corrections officer retrieved a small glass vial of white powdery residue from Ryan's person. The substance was subsequently tested and confirmed to be cocaine. At the time of the offenses, Ryan was on post release control.
 {¶ 3} On January 28, 2005, the Auglaize County Grand Jury indicted Ryan on one count of receiving stolen property, a violation of R.C. 2913.51(A), a felony of the fifth degree, and one count of forgery, a violation of R.C. 2913.31(A), a felony of the fifth degree. These charges were brought against Ryan in Auglaize Common Pleas Court case number 2005-CR-46, which is before us as appellate number 02-05-35. Thereafter, on March 17, 2005, the Auglaize County Grand Jury indicted Ryan on one count of possession of cocaine, a violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree. This indictment resulted in Auglaize County Common Pleas Court case number 2005-CR-47, and is before us as appellate number 02-05-34. We will refer to each case by its assigned appellate case number. The commission of each offense violated Ryan's post release control conditions.
 {¶ 4} The trial court held a joint change of plea hearing on June 8, 2005. In case number 02-05-35, Ryan pled guilty to receiving stolen property and the forgery charge was dismissed, and in case number 02-05-34, Ryan pled guilty to the charge of possession of cocaine. The trial court held a joint sentencing hearing on July 28, 2005 and filed its judgment entries on July 29, 2005. The court sentenced Ryan to serve an aggregate prison term of 49 months and 30 days: 11 months for receiving stolen property served consecutively to 11 months for possession of cocaine served consecutively to 27 months and 30 days for the post release control violations. Ryan appeals the sentences and asserts the following assignments of error:
The trial court's ordering that the sentences ofDefendant-Appellant are to be served consecutively to each otherwas unsupported by the record and was contrary to law.
 The trial court committed prejudicial error when it failed toproperly follow the sentencing criteria set forth in Ohio RevisedCode, Section 2929.14 resulting in the defendant receiving amaximum sentence for a post release control violation which iscontrary to law.
 {¶ 5} In the first assignment of error, Ryan contends that the evidence does not support the trial court's findings as to consecutive sentences. An appellate court may not modify a trial court's sentence unless it finds by clear and convincing evidence that the record does not support the trial court's findings or the sentence is contrary to law. R.C. 2953.08(G)(2); State v.Jackson, 3rd Dist. No. 1-04-52, 2005-Ohio-1083, at ¶ 30. Clear and convincing evidence is that measure or degree of proof, which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Jackson,
supra (citations omitted). Because the trial judge is in the better position to observe the defendant, an appellate court should not simply substitute its judgment for that of the trial court. Id. (citations omitted).
 {¶ 6} When a trial court sentences an offender for multiple offenses, it is required to impose the sentences concurrently unless it complies with R.C. 2929.14(E)(4). The requirements of R.C. 2929.14(E)(4) are threefold. First, the trial court must find that consecutive sentences are necessary to protect the public from future harm or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public. Third, the trial court must make at least one of the three findings in R.C. 2929.14(E)(4)(a)-(c), which provide:
(a) The offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing, wasunder a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release controlfor a prior offense.
 (b) At least two of the multiple offenses were committed aspart of one or more courses of conduct, and the harm caused bytwo or more of the multiple offenses so committed was so great orunusual that no single prison term for any of the offensescommitted as part of any of the courses of conduct adequatelyreflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
The trial court is required to make these findings and state its reasons therefore on the record at the sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶¶ 20-21.
 {¶ 7} Our review of the record reveals more than ample evidence to support the trial court's findings. Although the trial court did not recite the specific language used in R.C.2929.14(E)(4) in making its findings, the court's statements may be fairly construed as strict compliance. Additionally, the trial court stated:
[t]he reason I'm sentencing you this way is because I reallythink that you are so messed up that you really need tounderstand what you're dealing with here. * * * It's not myintention to do anything other than try to give you theopportunity to realize that you're either going [to] get cleanand follow the law or you're gonna do time in prison. Treatmenthas not worked[.]
Hearing Tr., Oct. 11, 2005, 34:4-6; 37:16-19. The court also noted Ryan's lengthy juvenile and criminal records, which evidence a pattern of theft offenses. Id. at 33:15. The evidence in this case clearly and convincingly supports the trial court's findings and the imposition of consecutive sentences. The first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Ryan contends that the trial court erred by imposing the maximum sentence allowed for his post release control violation without making the findings required by R.C. 2929.14(C). The State contends that a trial court must comply with R.C. 2929.14(C) only when imposing the original sentence, and not when imposing sentence for a post release control violation.
 {¶ 9} When a person violates any condition of post release control by committing a felony, that person may be prosecuted for the new felony. R.C. 2929.141(B).
Upon the person's conviction of or plea of guilty to the newfelony, the court shall impose sentence for the new felony, thecourt may terminate the term of post-release control if theperson is a releasee and the court may do either or both of thefollowing for a person who is either a releasee or parolee * * *f
(1) * * * impose a prison term for the violation. If theperson is a releasee, the maximum prison term for theviolation shall be the greater of twelve months or the period ofpost-release control for the earlier felony minus any time thereleasee has spent under post-release control for the earlierfelony. * * * In all cases, any prison term imposed for theviolation shall be served consecutively to any prison termimposed for the new felony.
R.C. 2929.141(B)(1) (emphasis added). Because the trial court imposed the maximum sentence allowed by R.C. 2929.141, Ryan contends it was required to comply with R.C. 2929.14(C), which states:
[e]xcept as provided in division (G) of this section or inChapter 2925. of the Revised Code, the court imposing a sentenceupon an offender for a felony may impose the longest prisonterm authorized for the offense pursuant to division (A) of thissection only upon offenders who committed the worst forms ofthe offense, upon offenders who pose the greatest likelihood ofcommitting future crimes, upon certain major drug offenders underdivision (D)(3) of this section, and upon certain repeat violentoffenders in accordance with section (D)(2) of this section.
(emphasis added). We can not agree with the appellant's proposition.
 {¶ 10} If the General Assembly's intent can be ascertained from the plain meaning of a statute, and if the words are clear and unambiguous, the court may not resort to any other rules of interpretation or construction. See State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, at ¶ 12 (quotingSlingluff v. Weaver (1902), 66 Ohio St. 621, 64 N.E. 574). Our reading of R.C. 2929.14(C) indicates a clear and unambiguous statute in this context. Applying a general rule of statutory construction that the specific inclusion of one thing implies the exclusion of another ("expression unius est exclusio alterius"), we find that R.C. 2929.14(C) does not apply to R.C. 2929.141. A trial court is required to make the findings under R.C.2929.14(C) when it imposes the longest prison term authorized for an offense under R.C. 2929.14(A), which does not provide for post release control violations. We also note that the trial court did not err in ordering the sentence for Ryan's post release control violations to run consecutively to the prison terms imposed for the new felonies. See R.C. 2929.141(B)(1). Therefore, the second assignment of error is overruled.
 {¶ 11} The judgments of the Auglaize County Common Pleas Court are affirmed.
Judgments Affirmed.
 Rogers and Shaw, JJ., concur.