OPINION
{¶ 1} Defendant-appellant, Ryan Proctor, appeals the sentencing decision of the Butler County Court of Common Pleas. We affirm the trial court's decision.
 {¶ 2} In August 2005, while on post release control, appellant was charged with drug trafficking in violation of R.C. 2925.03(A) (1 ). In November 2005, appellant pled guilty to the charge. He was sentenced to a five-year period of community control and notified that he would be subject to an 11-month prison term if he violated the terms of the community control sanction. In February 2006, a notice was filed with the trial court alleging that appellant had *Page 2 
violated two terms of his community control. At a hearing on the matter, appellant admitted the violations. The trial court revoked appellant's community control, sentenced him to an 11-month prison term on the trafficking charge, and imposed a consecutive, 12-month prison term pursuant to R.C. 2929.141(B) for violating post-release control. The trial court cited R.C. 2929.14(E)(4) factors in support of the imposition of consecutive sentences. Appellant appeals, raising a single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE PRISON TERM."
 {¶ 4} In his assignment of error, appellant argues specifically that the imposition of consecutive sentences pursuant to R.C. 2929.141 is unconstitutional, citing the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Appellant contends that R.C.2929.141 requires judicial fact-finding under R.C. 2929.14(E)(4), violating his constitutional right to a jury trial. We disagree.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, because those provisions required judicial fact-finding to exceed the sentence allowed simply as a result of a conviction or plea. The court excised those portions of Ohio's sentencing statutes which required such unconstitutional fact-finding, including R.C. 2929.14(E)(4) which required judicial fact-finding in order to impose consecutive sentences. The Foster decision left intact R.C. 2929.141, which provides in pertinent part:
 {¶ 6} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the *Page 3 
court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control:
 {¶ 7} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. In all cases, a prison term imposed for the violation shall beserved consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony." (emphasis added.)
 {¶ 8} This statute clearly and unambiguously required the trial court to order that appellant's sentence for the post-release control violation be served consecutively with the sentence on the new felony. The statute mandates imposition of consecutive sentences without reference to the R.C. 2929.14(E)(4) consecutive factors which were found unconstitutional in Foster. R.C. 2929.141(B) usurps the trial court's discretion to sentence appellant to anything but consecutive sentences. Simply stated, the unconstitutional consecutive factors in R.C.2929.14(E)(4) have no application to the present instance, where the trial court sentenced appellant for a new felony violation, and then proceeded to sentence him for a post-release control violation. SeeState v. Kelley, Auglaize App. Nos. 2-05-34 and *Page 4 
2-05-35, 2006-Ohio-605, ¶ 10 (applying a general rule of statutory construction that the specific inclusion of one thing implies the exclusion of another, R.C. 2929.14(E)(4) does not apply to consecutive sentences imposed under R.C. 2929.141). This conclusion is confirmed by the Ohio Supreme Court's decision in Foster, in which, after a thorough review of Ohio's sentencing statutes, the Court left intact R.C.2929.141(B) mandating the imposition of consecutive sentences in this circumstance. To the extent the trial court cited the unconstitutional consecutive factors in support of the imposition of consecutive sentences, its findings are surplusage.
 {¶ 9} Although not cited by either party, the Ohio Supreme Court summarily reversed and remanded for resentencing in a factually similar appeal. See In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 83; State v. Morris, Highland App. No. 04CA20, 2005-Ohio-2980. In Morris, the defendant was sentenced to a prison term for committing a felony, and sentenced to a consecutive prison term pursuant to R.C. 2929.141 for violating post-release control. He appealed, challenging the sentence imposed pursuant to R.C.2929.141, "only to the extent that the court ordered it to be served consecutively." Citing Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, the defendant argued that imposition of consecutive sentences under this section violated his right to a jury trial, as it required judicial fact-finding.
 {¶ 10} The court of appeals did not address whether the R.C.2929.14(E)(4) consecutive factors are applicable when sentencing pursuant to R.C. 2929.141. Rather, citing its earlier decisions, the court simply held that Blakely has no application to Ohio's sentencing scheme, and affirmed the imposition of consecutive sentences. Citing its decision in Foster, the Ohio Supreme Court summarily reversed the decision of the court of appeals and remanded the matter for resentencing. See In re Ohio Criminal Sentencing Statutes Cases,2006-Ohio-2109 at ¶ 83. *Page 5 
 {¶ 11} However, because the Supreme Court provided no analysis regarding the application of Blakely to R.C. 2929.141 specifically, and in Foster left this statute intact while excising other sentencing statutes with constitutional flaws, we construe the summary reversal inMorris as only a reversal of the Morris court's holding thatBlakely has no application to Ohio's sentencing scheme. As theMorris court never addressed the applicability of the unconstitutional consecutive factors when sentencing pursuant to R.C. 2929.141, we conclude that the Ohio Supreme Court's reversal in that case does not dictate resentencing in the present matter. The assignment of error is overruled.
Judgment affirmed.
 YOUNG and BRESSLER, JJ., concur. *Page 1