[Cite as *State v. Moore*, 2018-Ohio-1782.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-09-142 |
| - vs - | : | O P I N I O N<br>5/7/2018 |
| | : | |
| EMMITT LEE MOORE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-06-0951

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Emmitt Moore, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to grand theft while subject to postrelease control from a previous conviction.

{¶ 2} Moore, who had previously been convicted of theft and breaking and entering, was on postrelease control when he robbed an automotive store of multiple items, including

tools, car stereos, and security equipment. Moore tried to sell the items on a website, but was apprehended when the purported buyer revealed himself as an undercover officer. Moore admitted that he stole the items to pay personal bills, provide food for his daughter, and to support his $200 per day heroin habit.

{¶ 3} Moore was indicted on two counts of breaking and entering and one count of grand theft. Moore agreed to plead guilty to grand theft, and the state dismissed the breaking and entering charges. After accepting Moore's guilty plea, the trial ordered a presentence investigation report and scheduled sentencing for a future date.

{¶ 4} During the sentencing hearing, Moore requested community control sanctions rather than prison, including participation in the community correctional center program in which he had been accepted. However, counsel informed the trial court that Moore was facing new charges in a different court for grand theft, and was thus ineligible for participation in the correctional center program. The trial court sentenced Moore to serve 18 months on the grand theft charge, as well as 12 months for violating the terms of his postrelease control. The trial court ordered the sentences consecutively, for an aggregate sentence of 30 months. Moore now appeals the trial court's sentence, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED MAXIMUM CONSECUTIVE SENTENCES.

{¶ 6} Moore argues in his assignment of error that the trial court erred in sentencing him.

{¶ 7} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id*. at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the

appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 9} Moore was convicted of grand theft, a felony of the fourth degree. According to R.C. 2929.14(A)(4), the applicable prison sentence range for a fourth-degree felony is six to 18 months. The trial court sentenced Moore to 18 months, which is in the applicable range for his conviction. At both the sentencing hearing and within the judgment entry, the trial court noted its consideration of the purposes and principles of sentencing according to R.C. 2929.11 as well as the seriousness and recidivism factors in R.C. 2929.12. The trial court also informed Moore of the pertinent postrelease control sanctions. Thus, the sentence is not contrary to law.

{¶ 10} The trial court also ordered Moore to serve 12 months for his violation of the prior postrelease control terms, and ordered such consecutive to the 18-month sentence for grand theft. While Moore argues that this sentence was contrary to law because the trial court did not make any consecutive sentence findings, the trial court was under no such obligation to make findings.

{¶ 11} According to R.C. 2929.141(A)(1), a prison term imposed for violation of postrelease control conditions "shall be served consecutively to any prison term imposed for the new felony." However, that mandate does not make any reference to R.C.

2929.14(C)(4), which otherwise requires a trial court to make certain findings before imposing consecutive sentences. As such, this court has determined that a trial court is not required to make findings before imposing a consecutive sentence pursuant to R.C. 2929.141(A)(1). *State v. Raypole*, 12th Dist. Fayette No. CA2014-05-009, 2015-Ohio-827.

{¶ 12} The trial court, therefore, was required to run the sentence for the postrelease control violation consecutively to the 18-month prison term for the theft, the new felony offense, and the consecutive sentence findings have no application to the present instance. *State v. Proctor*, 12th Dist. Butler Nos. CA2006-03-042 and CA2006-03-043, 2007-Ohio-909, ¶ 4-8.

{¶ 13} We also find the sentence is supported by the record. Moore, who has an extensive criminal history, was on postrelease control when he stole items from the automotive store to essentially support his drug habit. Although Moore had been accepted into a program to help with his drug addiction, Moore became ineligible to enter the program because he was charged with additional theft charges while awaiting sentencing on the current charges. The trial court also considered the nature of the crime in that Moore created a hole through the drywall that separated his workplace from the automotive store and stole the items before the store opened for the day. In total, Moore stole approximately $10,000 worth of merchandise and then tried to sell the items on the internet.

{¶ 14} After reviewing the record, we find that the trial court's sentence was supported by the record and was not otherwise contrary to law. As such, Moore's assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.