DECISION AND JUDGMENT ENTRY
{¶ 1} Rickie L. Ross appeals his conviction for complicity to theft, arguing that trial counsel performed deficiently by failing to file a motion to dismiss based upon a violation of his statutory and constitutional rights to a speedy trial. Because a substitution of counsel caused the delay, speedy trial time was tolled and did not expire. Thus, counsel cannot be deficient for failure to file a fruitless motion. Ross further complains that the court erred by overruling his post-trial pro se motion to dismiss based on a speedy trial violation. He contends that the court erroneously determined that the speedy trial clock was tolled between November 3, 2003, when Ross's current counsel notified the court of a conflict, and November 20, 2003, the date newly-appointed counsel became available for a pretrial. Because Ross failed to file his motion to dismiss before trial, the motion was untimely. Thus, he waived the speedy trial issue. Even had he not waived the issue, the record shows that Ross's newly-appointed counsel's unavailability for pretrial caused this seventeen day delay, which tolled his speedy trial time. Thus, Ross suffered no violation of his speedy trial rights. Therefore, we affirm the court's judgment.
 {¶ 2} After scheduling the case for a November 3, 2003 pretrial, the court filed an entry noting that Ross's counsel had a conflict and new counsel was needed. Accordingly, the court appointed new counsel and continued the pretrial for seventeen days. The court stated that "[t]he speedy trial provisions of R.C. 2945.71 are hereby tolled pursuant to R.C. 2945.72(C)" because new counsel was unavailable for the November 3 pretrial.
 {¶ 3} The court subsequently scheduled the trial for March 29, 2004. The jury found Ross guilty.
 {¶ 4} After the jury's verdict, Ross filed a pro se motion to dismiss, arguing that his trial occurred beyond 270 days. Ross filed various other motions, all of which basically complained that he was unhappy with his counsel and that his speedy trial rights were violated.
 {¶ 5} On May 7, 2004, Ross failed to appear at the scheduled sentencing hearing. On May 28, 2004, the court held a new sentencing hearing and addressed Ross's pro se motions. The court stated:
"The court first notes that there has been no violation of defendant's statutory speedy trial rights. First of all, no motion to dismiss the case for violation of Ohio speedy trial rights was filed prior to the commencement of trial. On that basis alone, the claim would be waived. However, the court should note that counsel is not required to do a useless thing and to have filed a motion to dismiss the indictment for a violation of Ohio speedy trial statutes would have been useless as defendant's speedy trial rights were not violated.
The defendant was initially served with a copy of the complaint on June 30, 2003. Defendant posted bond and was released on July 3, 2003. Counting these days as three for one, this is nine days. Defendant was tried on March 29, 2004. The period from July 3, 2003 to March 29, 2004 is 270 days, the total being 279 days. However, the court notes that the period of time between November 3, 2003, and November 20, 2003, does not count against defendant's speedy trial time. A pretrial was scheduled on November 3, 2003, and defendant's prior counsel was required to withdraw because of conflict and Ms. Janes, who ultimately was appointed to represent the defendant, was unavailable for the pretrial scheduled on November 3, 2003. That pretrial was continued until November 20, 2003, and thus, speedy trial time was tolled pursuant to R.C. 2945.72(C). This would mean the defendant was tried on the 262nd day."
The court then sentenced Ross to ten months imprisonment.
 {¶ 6} Ross appealed his conviction and assigns the following errors:
First Assignment of Error:
Defendant's conviction was in violation of his constitutionally protected right to effective assistance of counsel.
Second Assignment of Error:
Defendant's conviction was in violation of his constitutionally protected right and his statutory right to a speedy trial.
 I {¶ 7} In his first assignment of error, Ross asserts that his trial counsel performed deficiently by failing to file a motion to dismiss based upon a speedy trial violation. He argues that had trial counsel filed a motion to dismiss, the court would have granted the motion.
 {¶ 8} Reversal of a conviction for ineffective assistance of counsel requires the defendant to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.State v. Smith (2000), 89 Ohio St.3d 323, 327, 731 N.E.2d 645, citingStrickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 142,538 N.E.2d 373. To show that counsel performed deficiently, the defendant must demonstrate that defense counsel's performance fell below an objective standard of reasonableness. Bradley. To show that counsel's deficient performance prejudiced the defense, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the trial would have been different.State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772. If one component of the Strickland test disposes of an ineffective assistance of counsel claim, it is not necessary to address both components.Strickland; Bradley.
 {¶ 9} In this case, Ross cannot show that counsel's performance in failing to file a motion to dismiss based on a speedy trial violation was deficient. Filing such a motion would have proven fruitless. Defense counsel's failure to raise meritless issues does not constitute ineffective assistance of counsel. In re Carter, Jackson App. Nos. 04CA15 and 04CA16, 2004-Ohio-7285, citing State v. Hill (1996), 75 Ohio St.3d 195,211, 661 N.E.2d 1068, and State v. Close, Washington App. No. 03CA30,2004-Ohio-1764, at ¶ 34.
 {¶ 10} R.C. 2945.71 embodies the statutory right to a speedy trial and states in part, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). The state must bring a person arrested and charged with a felony to trial within two hundred seventy days. R.C.2945.71(C)(2). But if the accused remains in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days. R.C. 2945.71(E). This is known as the triple-count provision. If the defendant is not brought to trial within the statutory timeframe, he "shall be discharged." R.C. 2945.73(B). "`The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.'" State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24 (quoting State v. Ladd (1978),56 Ohio St.2d 197, 200, 383 N.E.2d 579).
 {¶ 11} Here, no dispute exists that the state failed to try Ross within 270 days. Thus, he has presented a prima facie case for discharge. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31,500 N.E.2d 1368. Therefore, the state must show that the R.C. 2945.71
limitations have not expired, either by demonstrating that R.C. 2945.72
extended the time limit or by establishing that Ross is not entitled to use the triple-count provision in R.C. 2945.71(E). Butcher,27 Ohio St.3d at 31; see, also, Brecksville, 75 Ohio St.3d at 55-56
("`[T]he prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions.'" (quoting State v.Wentworth (1978), 54 Ohio St.2d 171, 173, 375 N.E.2d 424).
 {¶ 12} R.C. 2945.72 sets forth the circumstances that may toll the speedy trial clock. As relevant here, R.C. 2945.72(C) and (H) provide:
(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
 {¶ 13} In this case, the seventeen day delay was due to Ross's newly-appointed counsel's unavailability for a pretrial. On November 3, 2003, his first appointed counsel notified the court of a conflict in representing Ross. Thus, that counsel could no longer represent Ross and the court was unable to continue with the pretrial that had been scheduled. The court appointed new counsel, but new counsel was not available until November 20, 2003. Thus, the court continued the pretrial until November 20, 2003. The court journalized the continuance, the reason for the continuance, and stated that the speedy trial clock was tolled. This certainly qualifies as a reasonable continuance under R.C.2945.72(H). See State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571
("When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."); State v. Stamps
(1998), 127 Ohio App.3d 219, 712 N.E.2d 762; State v. Garries (Dec. 19, 2003), Montgomery App. No. 19825, 2003-Ohio-6895.
 {¶ 14} Ross's reliance on State v. Wagner (1993), 88 Ohio App.3d 398,623 N.E.2d 1338, is misplaced. In Wagner, the trial court sua sponte continued the trial date without specifying any reason for the continuance in its journal entry. Here, by contrast, the trial court stated the reason for the continuance: Ross's newly-appointed counsel's unavailability. Therefore, Wagner has no application to this case and we reject Ross's argument.
 {¶ 15} Furthermore, Ross's claim that his constitutional rights to a speedy trial were violated is also without merit. In Barker v. Wingo
(1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101, the Supreme Court set forth a balancing test that considers the following factors to determine whether trial delays are reasonable under the Sixth andFourteenth Amendments to the United States Constitution: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." To trigger this analysis, the defendant first must show that the delay was "presumptively prejudicial." Doggettv. United States (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520;State v. Taylor (2002), 98 Ohio St.3d 27, 33, 781 N.E.2d 72. As the delay approaches one year, the delay becomes presumptively prejudicial.Doggett, 505 U.S. at 651-652.
 {¶ 16} Here, Ross cannot show presumptively prejudicial delay. His trial date occurred within one year of his arrest. Thus, he cannot show that his constitutional speedy trial rights were violated.
 {¶ 17} Because filing a motion to dismiss based upon a violation of Ross's statutory or constitutional speedy trial rights would have been meritless, counsel was not required to file it.
 {¶ 18} Consequently, we overrule Ross's first assignment of error.
 II {¶ 19} In his second assignment of error, Ross argues that the trial court erred by denying his pro se motion to dismiss based upon a speedy trial violation.
 {¶ 20} R.C. 2945.73(B) states, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Thus, the statute requires the accused to file the motion before trial. See State v.Thompson (1994), 97 Ohio App.3d 183, 186-187, 646 N.E.2d 499. Ross did not timely file a motion to dismiss based upon a speedy trial violation. Ross's failure to do so results in a waiver of the issue on appeal. See id. Moreover, even had Ross timely filed his motion, as we discussed in Ross's first assignment of error, the motion lacks merit.
 {¶ 21} Consequently, we overrule Ross's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.