DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Vinton County Common Pleas Court judgment of conviction and sentence. James Hilyard, defendant below and appellant herein, entered no contest pleas to two counts of sexual battery in violation of R.C. 2907.03(A)(5).
 {¶ 2} Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES' CONSTITUTION AND SECTION 10 ARTICLE I OF THE OHIO CONSTITUTION TO A SPEEDY TRIAL BY SCHEDULING TRIAL FOR SOME FIFTY-ONE WEEKS AFTER THE APPELLANT'S ARREST AND INCARCERATION."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO SUBSTANTIVE DUE PROCESS BY ITS FAILURE TO COMPLY WITH R.C. SECTIONS 2945.37 AND 2945.371."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO PROCEDURAL DUE PROCESS BY ITS FAILURE TO COMPLY WITH R.C. SECTIONS 2945.37 AND 2945.371."
FOURTH ASSIGNMENT OF ERROR:
"DEFENSE COUNSEL'S FAILURE TO RAISE THE CONSTITUTIONAL ISSUES OF SPEEDY TRIAL AND PROCEDURAL AND SUBSTANTIVE DUE PROCESS CONSTITUTES INEFFECTIVE ASSISTANCE."
FIFTH ASSIGNMENT OF ERROR:
"THE TRIAL COURT COMMITTED PLAIN ERROR."
 {¶ 3} Appellant and his wife, Michelle, married in 1990 and have ten living children. In the summer of 2003, both were arrested on forgery and fraud charges. Their arrest prompted their children to be placed in foster homes. While in foster care, two of the children revealed to their foster parents that sexual activity had occurred within their family, including vaginal intercourse and fellatio with their father.
 {¶ 4} On December 11, 2003, the Vinton County Grand Jury returned an indictment that charged appellant with two counts of rape in violation of R.C. 2907.02(A)(1)(b). He initially pled not guilty and, for various procedural reasons discussed infra, the case remained pending for eleven months. Subsequently, the parties reached a plea agreement under which appellant pled no contest to two reduced charges of sexual battery in violation of R.C. 2907.03(A)(5).
 {¶ 5} At the December 23, 2004 sentencing hearing, the trial court imposed five year prison sentences for each offense and ordered the prison terms to be served consecutively. This appeal followed.
 I {¶ 6} Before we address the merits of the individual assignments of error, we note that the central argument in this case is that appellant was denied his constitutional right to a speedy trial. Our analysis of that argument begins with the Sixth Amendment to the United States Constitution which guarantees an accused the right to a speedy trial in all criminal prosecutions. That guarantee is applicable to the states through the Fourteenth Amendment Due Process Clause, Kloper v. NorthCarolina (1967), 386 U.S. 213, 222-223, 18 L.Ed.2d 1. Similar protection is afforded under Section 10, Article I of the Ohio Constitution. SeeState v. Meeker (1971), 26 Ohio St.2d 9, 268 N.E.2d 589, at paragraph one of the syllabus.
 {¶ 7} In addition to the general constitutional right to a speedy trial, Ohio law also includes a statutory speedy trial right. See R.C. 2945.71 et seq. Although this statutory right oftentimes takes center stage in a speedy trial analysis, primarily due to its explicit and strict time limits, the statutory and constitutional right are nevertheless separate and distinct from one another. See generally 2 Katz Gianelli, Criminal Law (1995) 328-329, § 59.21. We again note that appellant's arguments in this case are directed at his constitutional speedy trial right, rather than his state statutory right.[2]
 {¶ 8} R.C. 2945.71 states that "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." Id. at (C)(2). However, if the accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days for purposes of speedy trial computation. R.C. 2945.71(E). If the accused is not brought to trial within the statutory time frame, the accused must be discharged. R.C. 2945.73(B). The speedy trial time frame can be extended, however, for reasons set out in R.C. 2945.72. The rationale behind these statutes is to prevent inexcusable delays caused by judicial indolence. State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶¶ 24; State v.Ladd (1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579.
 {¶ 9} In the case sub judice the record indicates that appellant was arrested and jailed on November 25, 2003.[3] Appellant was not released on bond. Thus, the "triple count" provision applied and required the prosecution to bring appellant to trial within ninety days.
 {¶ 10} On January 12, 2004, forty-nine days after his arrest, appellant filed a "suggestion of incompetence to stand trial" as well as a notification of the "possibility of a N.G.R.I. [not guilty by reason of insanity] defense." He requested the court to order an evaluation by the Shawnee Forensic Center ("SFC") in Portsmouth. We note that this motion tolled appellant's statutory speedy trial clock. See R.C. 2945.72(E). Apparently, some delay occurred in transmitting the order to SFC and the evaluation was delayed.
 {¶ 11} On March 8, 2004, appellant filed a motion to dismiss the charges for a violation of his speedy trial rights. Appellant contended that his evaluation had not been performed within a reasonable period of time. The trial court overruled appellant's motion and the evaluation was eventually completed. The matter then came on for hearing and on May 18, 2004, the trial court found appellant competent to stand trial.
 {¶ 12} Ordinarily, the trial court's May 18, 2004 order would have re-started the speedy trial time clock. However, several weeks prior to that time, appellant filed another motion and asked for an additional evaluation of his mental status. Less than a week before the trial court found appellant competent to stand trial, it granted appellant's request for a second evaluation. We note that this entry would also have tolled the running of the statutory speedy trial clock. See R.C. 2945.72(E). Thus, because appellant filed his second request for an evaluation before the May 18, 2004 order that found appellant competent, the motions overlapped and the statutory speedy trial clock did not start to run again.
 {¶ 13} With respect to the second evaluation, no indication appears in the record to indicate whether this in fact occurred. No further evaluation appears in the original papers (as does the first one), and we found no indication that the matter was resolved prior to appellant pleading no contest to the reduced charges. Thus, we again note that it does not appear that the statutory speedy trial time clock started to run again. We also note that appellant took other actions that would have tolled the statutory speedy trial time clock (e.g. filed a motion to suppress evidence and requested a continuance), but we see no reason to discuss these matters as it does not appear that the statutory speedy trial time clock started again.
 {¶ 14} In sum, our calculations reveal that only forty-nine (49) days of the proceedings could be charged against the statutory speedy trial time. Appellant's request for competency evaluation tolled that time and the clock did not restart during the pendency of the charges. Presumably for this reason, appellant does not argue that his R.C. 2945.71 speedy trial rights have been violated. Rather, he asserts that the delay in bringing him to trial violated his constitutional speedy trial right generally, and that the trial court did not resolve his motions (or requests for competency evaluations) in a timely fashion as directed by Ohio law. With this in mind, we now turn to appellant's individual assignments of error.
 II {¶ 15} In his first assignment of error, appellant asserts that the eleven month interval between his November 25, 2003 arrest and his October 28, 2004 conviction violated his Sixth Amendment right to a speedy trial. We disagree.
 {¶ 16} Delays are unavoidable in the criminal justice system and, for that reason, the United States Supreme Court has recognized that the question of whether a trial has been constitutionally speedy depends upon the particular facts and circumstances of each individual case. SeeBarker v. Wingo (1972), 407 U.S. 514, 522, 33 L.Ed.2d 101, 92 S.Ct. 2182. Accordingly, the court adopted a test to balance the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) a defendant's assertion of his rights; and(4) any prejudice to the defendant. Id. at 530; Doggett v. United States (1992), 505 U.S. 647, 651, 120 L.Ed.2d 520,112 S.Ct. 2686. None of the four factors, however, is individually determinative of whether an accused's constitutional right to a speedy trial has been violated. Instead, the factors must be considered collectively. Barker, supra at 533. Additionally, not every case requires courts to even consider those factors. Before the balancing test can be applied, there must first be a trial delay that is so presumptively prejudicial that it serves as a "triggering mechanism" for the constitutional analysis. Id. at 522; Doggett, supra at 651-652.
 {¶ 17} After our review of the record in the case sub judice, we are not persuaded that the delay was sufficient to trigger a constitutional analysis. Delays begin to become presumptively prejudicial as they approach the one year mark. Doggett, supra at 652, fn. 1. This, however, is not a hard and fast rule and depends on the particular circumstances. We note that the Ohio Supreme Court found in State v. Taylor,98 Ohio St.3d 27, 781 N.E.2d 72, 2002-Ohio-7017, at ¶ 39, that bringing an accused to trial within a year was not presumptively prejudicial in that particular case. We recently arrived at a similar conclusion inState v. Ross, Ross App. No. 04CA2780, 2005-Ohio-1888, at ¶ 16.
 {¶ 18} In this case at bar, eleven months elapsed between appellant's arrest and his conviction. During that time appellant made two separate requests for competency evaluations, filed two separate motions to dismiss for speedy trial violations, filed a motion to suppress evidence and requested a continuance of one of the trial dates. In light of the totality of these circumstances, particularly the two separate requests for psychological evaluations, we are not persuaded that the eleven month delay was so presumptively prejudicial as to trigger consideration of theBarker factors.
 {¶ 19} Even assuming arguendo that we did consider the delay presumptively prejudicial, we would not conclude that the Barker factors weigh in appellant's favor. Appellant met the third factor (a timely assertion of his rights) as evidenced by his two motions to dismiss. We believe, however, that the other three factors militate against him.
 {¶ 20} The eleven month interval between appellant's arrest and his conviction was not inordinately long, particularly in light of the severity and the complexity of the crimes. Moreover, we note again that appellant's requests for mental evaluations necessitated the vast majority of the delay. Obviously, a portion of that delay was beyond the trial court's control. A letter from SFC revealed that "[d]ue to the increase in the amount of referrals" SFC was backlogged and could not perform appellant's first requested evaluation until March 23, 2004. In short, this is not a case in which the trial court and the prosecution simply neglected the matter and needlessly allowed appellant to languish in jail.
 {¶ 21} We further note that appellant was scheduled to be tried on July 28, 2004, just over eight months after his arrest. Appellant, however, requested a continuance so that he could better prepare his defense. This added at least one additional month to the interval between his arrest and his conviction.[4] Finally, we see no discernable prejudice in the eleven month delay. Appellant does not assert that any evidence had been lost or that defense witnesses died or moved away.
 {¶ 22} In summary, when we balance the three factors against appellant's timely assertion of his speedy trial rights, we are not persuaded the interval between his arrest and conviction violated his constitutional right to a speedy trial.
 {¶ 23} For this reason, we find no merit in his first assignment of error and it is hereby overruled.
 III {¶ 24} We jointly consider appellant's second and third assignments of error in which he asserts that the trial court violated his procedural and "substantive due process" rights by not complying with R.C. 2945.37
and R.C. 2945.371. These statutes set out myriad provisions regarding both "competency to stand trial" and "mental evaluations." Appellant does not specify the statutes that he believes the trial court violated, but, presumably, he refers to (1) the R.C. 2945.37(C) requirement that a hearing be held "within ten days" after filing of a competency evaluation; and (2) the R.C. 2945.371(G) requirement that such evaluation be filed with the court thirty days after it is ordered.
 {¶ 25} The prosecution candidly agrees that neither statutory time requirement was met. The question now is what to do about that failure. Appellant asserts that the two statutes create "substantive" and procedural rights. He suggests that because those rights were violated, his conviction should be reversed. The prosecution counters that (1) nothing in either statute requires a reversal of a conviction if the time limits are not met; and, (2) a reversal of appellant's convictions would be bad public policy because it would encourage every defendant to request a competency evaluation in hopes that the report and hearing would extend beyond the statutory deadlines and thus require a dismissal of charges. We disagree with appellant for three primary reasons.
 {¶ 26} First, our colleagues in the Eighth and Ninth Districts have reviewed these statutory time requirements and found them to be directory, not mandatory. In other words, the Ohio General Assembly enacted those provisions to guide the procedure of competency evaluations, not to divest courts of jurisdiction if those time limits are not met. See State v. Ferguson (Jun. 30, 1999), Medina App. No. 2830-M; State v. Rieves-Bey (Oct. 23, 1997), Cuyahoga App. Nos. 70827 
70828; State v. Foley (Jun. 17, 1982), Cuyahoga App. No. 43843. We find this reasoning persuasive and come to the same conclusion.
 {¶ 27} Second, in State v. Palmer (1998), 84 Ohio St.3d 103,702 N.E.2d 72, at paragraphs one and two of the syllabus, the Ohio Supreme Court held that a defendant's motion regarding his competency to stand trial tolled the speedy trial statute and continued to toll that statute even if the examiner failed to issue a report within the R.C. 2945.371 time limits. While the question at issue in this case was not directly at issue in Palmer, the Ohio Supreme Court could have concluded that a violation of time limits in R.C. 2945.371 necessitated the reversal of the conviction, but it did not. In any event, if the court found that failure to meet the statutory evaluation time limit did not start the statutory speedy trial clock, it is unlikely that the Court would find that a failure to meet that deadline would require reversal of a criminal conviction. If competency proceedings are not conducted in a timely manner, the Ohio Supreme Court suggested that the proper remedy is to petition the trial court to enforce its evaluation order or request a hearing. Id. at 107, fn. 1.
 {¶ 28} Finally, we agree with the prosecution that public policy concerns do not favor the view that a failure to meet the thirty day and ten day evaluation time limits require the reversal of a criminal conviction. The prosecution cogently predicts that if this were the case, requests for evaluations would no longer be filed as a concern for a criminal defendant's ability to understand and participate in his defense, but rather for the hope of a delay. We find no provision for discharge in either statute and we decline to read one into them.
 {¶ 29} For these reasons, the second and third assignments of error are without merit and are hereby overruled.
 IV {¶ 30} We jointly consider appellant's fourth and fifth assignments of error as they address the motions to dismiss (for speedy trial violations) that he filed below. Appellant, noting that the constitutional arguments he raises in his first three assignments of error in this appeal were not raised in the motions filed by trial counsel, asserts that (1) trial counsel was constitutionally ineffective for not raising those arguments; and (2) the trial court committed plain error by not considering such arguments sua sponte. Obviously, in light of the fact that we found no merit to those arguments in appellant's first three assignments of error, we find no merit in these claims.
 {¶ 31} Counsel's failure to raise a meritless issue does not constitute ineffective assistance. See e.g. Ross, supra at ¶ 9; In reCarter, Jackson App. Nos. 04CA15 04CA16, 2004-Ohio-7285, at ¶ 41;State v. Knott, Athens App. No. 03CA30, 2004-Ohio-5745, at ¶ 35. We found no merit in the appellant's constitutional arguments in his first three assignments of error. Thus, the trial court did not err, let alone commit plain error, by failing to sua sponte raise these issues.
 {¶ 32} For these reasons, the fourth and fifth assignments of error are without merit and are hereby overruled.
 {¶ 33} Having considered all the errors assigned and argued in the appellant's brief, and having found merit in none of them, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
[2] Appellant's argument focuses on his constitutional speedy trial right rather than his statutory speedy trial right probably because the record indicates that appellant was tried within the statutory time limits.
[3] It is not entirely clear when appellant was released from jail on the fraud and forgery convictions. Nevertheless, the prosecution's statement of facts uses this as the date that appellant was first incarcerated. We do the same for purposes of our analysis.
[4] Appellant asserted in his July 28, 2004 request for continuance that he needed additional time to prepare a defense "in light of the complexities of the case."