DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Larry M. Perry, defendant below and appellant herein, guilty of four counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"DEFENDANT'S CONVICTION WAS IN VIOLATION OF HIS CONSTITUTIONALLY PROTECTED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
SECOND ASSIGNMENT OF ERROR:
"DEFENDANT'S CONVICTION WAS IN VIOLATION OF HIS RIGHT TO DUE PROCESS THAT HE WAS NOT AFFORDED A HEARING ON HIS MOTION TO DISMISS."
THIRD ASSIGNMENT OF ERROR:
"DEFENDANT'S CONVICTION WAS IN VIOLATION OF HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL."
FOURTH ASSIGNMENT OF ERROR:
DEFENDANT'S SENTENCES WERE IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A JURY AS TO PRISON TERMS IMPOSED AND AS TO CONSECUTIVENESS OF PRISON TERMS."[2]
 {¶ 3} On April 30, 2004, the Ross County Grand Jury returned an indictment charging appellant with ten (10) counts of unlawful sexual conduct with a minor. See R.C. 2907.04. Appellant was taken into custody on August 31, 2004.[3] He subsequently entered a not guilty plea and the court scheduled an October 18, 2004 trial date.
 {¶ 4} On October 8, 2004, the prosecution requested a continuance of the trial date because DNA evidence analysis had not been completed. The trial court granted the motion and continued the trial date to December 20, 2004 and noted that the "speedy trial" provisions were tolled pursuant to R.C.2945.72(H).
 {¶ 5} On December 3, 2004, appellant filed a pro se motion to dismiss the case for violation of the R.C. 2945.71 statutory "speedy trial" provision. Appellant argued that he was arrested on August 31st and had been held in lieu of bond on the pending charge and not brought to trial within the statutory time frame. Appellant requested that the case be dismissed pursuant to R.C. 2945.73. The prosecution did not respond and the trial court did not directly consider or explicitly rule on appellant's motion.
 {¶ 6} On December 16, 2004, the prosecution filed a second motion for a continuance and asked that the trial be postponed because "the lead investigating officer" was hospitalized with meningitis. The trial court granted the motion and continued the case to February 14, 2005. Once again, the court noted in the entry that speedy trial time was tolled pursuant to R.C.2945.72(H).
 {¶ 7} The matter came on for jury trial over several days in February 2005. At the conclusion of the prosecution's case-in-chief, the trial court dismissed four counts pursuant to a Crim.R. 29(A) motion. The jury considered the remaining counts and acquitted appellant on two counts and found him guilty on the remaining four.
 {¶ 8} The trial court imposed four year prison sentences on all counts and ordered them to be served consecutively for a total of sixteen years imprisonment. This appeal followed.
I
 {¶ 9} We first turn, out of order, to appellant's third assignment of error. Appellant asserts that his constitutional and statutory rights to a speedy trial have been abridged. We disagree.
 {¶ 10} The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial in all criminal prosecutions. That guarantee is applicable to the states through the Fourteenth Amendment Due Process Clause, Kloper v. NorthCarolina (1967), 386 U.S. 213, 222-223, 18 L.Ed.2d 1, and similar protection is afforded under Section 10, Article I of the Ohio Constitution. See State v. Meeker (1971), 26 Ohio St.2d 9,268 N.E.2d 589, at paragraph one of the syllabus. In addition to a constitutional right to a speedy trial, Ohio law also provides a statutory right in R.C. 2945.71 et seq. Although this statutory right oftentimes takes center stage in a speedy trial analysis, primarily because it provides explicit time limits, the statutory right and constitutional right are separate and distinct from one another. State v. Hilyard, Vinton App. No. 05CA598,2005-Ohio-4957, at ¶ 7.
 {¶ 11} The statutory speedy trial right provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days of his arrest. R.C.2945.71(C)(2). If an accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days. Id. at (E). If an accused is not brought to trial within that time frame, he must be discharged. R.C. 2945.73(B). These legislative provisions prevent inexcusable delays caused by judicial indolence. State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, 781 N.E.2d 159, at ¶¶ 24; State v. Ladd (1978),56 Ohio St.2d 197, 200, 383 N.E.2d 579. The R.C. 2945.71 time limits may be extended, however, for reasons set out in R.C.2945.72. For example, the speedy trial time limit is tolled on the accused's own motion for a continuance or for "a reasonable continuance" granted other than upon the accused's own motion. Id. at (H).
 {¶ 12} In the case sub judice, the authorities arrested appellant on August 31, 2004. Appellant's trial occurred on February 14, 2005. We conclude that this six month delay did not violate appellant's constitutional speedy trial right. Because delays are often unavoidable in the criminal justice system, the United States Supreme Court recognized that the question of whether a trial has been constitutionally speedy depends upon the circumstances of the case involved. See Barker v. Wingo (1972),407 U.S. 514, 522, 33 L.Ed.2d 101, 92 S.Ct. 2182. Accordingly, Courts must balance the following factors: (1) length of the delay; (2) reason for the delay; (3) a defendant's assertion of his rights; and(4) any prejudice to the defendant. Id. at 530;Doggett v. United States (1992), 505 U.S. 647, 651, 120 L.Ed.2d 520,112 S.Ct. 2686. None of the factors is individually determinative of whether an accused's constitutional right to a speedy trial has been violated. Instead, courts must consider the factors collectively. Barker, supra at 533. Before courts apply the balancing test, however, a trial delay must be so presumptively prejudicial that it serves as a "triggering mechanism" for the constitutional analysis. Id. at 522;Doggett, supra at 651-652.
 {¶ 13} In the case sub judice we are not persuaded that the delay triggered a constitutional analysis. Delays begin to become presumptively prejudicial as they approach the one year mark.Doggett, supra at 652, fn. 1. This is not, however, a hard and fast rule and depends on the individual circumstances. The Ohio Supreme Court concluded in State v. Taylor, 98 Ohio St.3d 27,781 N.E.2d 72, 2002-Ohio-7017, at ¶ 39, that bringing an accused to trial within one year was not presumptively prejudicial. We arrived at a similar conclusion in State v. Ross, Ross App. No. 04CA2780, 2005-Ohio-1888, at ¶ 16. Recently, in Hilyard, supra at ¶ 18, we held that an eleven month delay was not sufficiently long to trigger a constitutional analysis. Again, appellant's trial occurred less than six months after his arrest and this delay does not trigger a constitutional analysis. Even if it did, the prosecution asserted valid reasons for its continuances and appellant suffered no discernible prejudice. Thus, we find no constitutional speedy trial violation.
 {¶ 14} We now consider whether the delay violated appellant's statutory speedy trial rights. One hundred and sixty six days elapsed between appellant's August 31, 2004 arrest and his February 14, 2005 trial. This time frame is within the R.C.2945.71(C)(2) two hundred seventy day deadline. Thus, the only possible way the appellant's statutory speedy trial rights could have been violated is the R.C. 2945.71(E) triple count mechanism applied. In this situation, appellant's trial should have been conducted no later than November 29, 2004.
 {¶ 15} First, we believe that appellant has not established that the triple-count provision applies. His December 3, 2004 motion to dismiss asserted that the statutory time limit had run, but he was less that precise as to why it had run. Also, appellant did not contend that he was held solely on the charges at issue in this case.
 {¶ 16} A defendant presents a prima facie case for discharge when he alleges in his motion to dismiss that (1) he was incarcerated solely on the pending charge and (2) he demonstrates he was not brought to trial within the time limits imposed by the triple-count provision of R.C. 2945.71(E). State v. Butcher
(1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368; also see Statev. Johnson, Licking App. No. 02-CA-27, 2002-Ohio-5102, at ¶ 9;State v. Walters (Jan. 18, 1996), Cuyahoga App. No. 68279. Once a prima facie case for discharge is made, the burden shifts to the prosecution to produce evidence to show that the defendant was not entitled to be brought to trial within the time limits of R.C. 2945.71. See Butcher, supra at 31; State v. Price
(1997), 122 Ohio App.3d 65, 68, 701 N.E.2d 41; State v. Bowman (1987), 41 Ohio App.3d 318, 319, 535 N.E.2d 730.
 {¶ 17} In the instant case appellant maintains that he set out a prima facie case for discharge in his December 3, 2004 motion to dismiss. We disagree. Nowhere in his motion does appellant allege that he was held solely on the pending charge in this case. Rather, appellant stated only that he "has been held in lieu of bond since 8-31-04" without specifying whether it was solely on the charges at issue here or whether there were other charges as well.[4] Consequently, appellant did not make a prima facie case to which the prosecution was then obligated to rebut.
 {¶ 18} Second, we note that in both of the motions for continuance the prosecution set forth sufficient reasons for the requests and that the trial court extended the speedy trial time limit prior to its initial expiration. On October 8, 2004, the prosecution alleged that a continuance was necessary to complete DNA analysis. On December 16, 2004, the prosecution alleged that a continuance was necessary because an essential witness had been hospitalized with meningitis. Appellant did not oppose either motion and the trial court explicitly found that both requests were "reasonable" and thus tolled running of the speedy trial time. See R.C. 2945.72(H). We note that appellant offered no argument in his motion to dismiss that challenged trial court's finding of reasonableness, nor has he persuaded us on appeal that the trial court's findings of reasonableness was in error.
 {¶ 19} In short, we believe that appellant's December 3, 2004 motion to dismiss was simply a "bare bones" motion, and under the facts present in the case sub judice, did not sufficiently set forth a prima facie case for dismissal. Appellant did not allege that he was held solely on the pending charge and did not offer any argument or reason why the trial court's October 14, 2004 continuance was unreasonable and should not have tolled running of the speedy trial statute. Thus, we find no error in the trial court's implicit decision to overrule appellant's motion.
 {¶ 20} We have found no authority directly on point with the unusual procedural posture in this case. Our recent decision inState v. Whitt, Scioto App. No. 04CA2962, 2005-Ohio-5154, however, the accused filed a motion to dismiss for a speedy trial violation. In that case, as in this one, the prosecution did not respond and a hearing was not conducted on the motion. Under those particular facts we held:
"[T]he state failed to respond to the motion or to produce any evidence to rebut Whitt's prima facie case for discharge. The state offered no evidence showing that Whitt was not entitled to use the triple-count provision of R.C. 2945.71(E). See, e.g.,Butcher at 31. Additionally, the state offered no evidenceshowing that the speedy-trial time was extended under R.C.2945.72. See, e.g., Price, 122 Ohio App.3d at 68-69.
The state could argue that it did not have an opportunity to produce evidence rebutting Whitt's prima facie case due to the trial court's failure to hold a hearing on Whitt's motion. However, because they are designed to implement federal and state constitutional guarantees, the speedy trial statutes are mandatory and must be strictly enforced against the state. SeeState v. Pachay (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589. See, also, State v. Dotson (Nov. 5, 1999), Highland App. No. 99CA03; State v. Shilling (Dec. 30, 1996), Washington App. No. 96CA30. Here, Whitt filed his motion to dismiss prior to the commencement of trial as required by R.C. 2945.73(B). Moreover, the motion and attached documents presented a prima facie case for discharge under R.C. 2945.73(B). Thus, Whitt satisfied his obligation to raise the speedy trial issue and the obligation to set the matter for a hearing was the court's, not his. Once Whitt established a prima facie case for discharge, the burden of proof shifted to the state to show that the speedy-trial time limit had not expired. See Butcher, supra. Because the state failed to satisfy this burden, we are required to order Whitt discharged. See, e.g., Price, supra." (Emphasis added.) 2005-Ohio-5154, at ¶¶ 15-16.
 {¶ 21} We believe that in this case, unlike Whitt,
appellant did not specifically set forth a prima facie case for discharge.
Furthermore, in the instant case the trial court granted two continuances based on objectively "reasonable" grounds that tolled the speedy trial time limit. Had the trial court not granted these continuances, and had the court not explicitly set forth reasons that appear reasonable on their face, or if appellant had otherwise set forth a prima facie case for discharge or challenged the court's continuances on the grounds they were unreasonable, then the outcome of this case may have been different. However, in light of the particular facts and circumstances present here, we conclude the appellant did not make a sufficient showing for discharge on statutory speedy trial grounds.
 {¶ 22} For these reasons, we hereby overrule appellant's third assignment of error.
 II {¶ 23} We now turn to appellant's first assignment of error. Appellant maintains that he received ineffective assistance from counsel because his attorney did not pursue his pro se motion to dismiss. We disagree.
 {¶ 24} Criminal defendants have the right to assistance of counsel which includes the right to effective assistance of counsel. McCann v. Richardson (1970), 397 U.S. 759, 770,25 L.Ed.2d 763, 90 S.Ct. 1441; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182; State v. Doles (Sep. 18, 1991), Ross App. No. 1660. To obtain a reversal of a conviction on grounds of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998),82 Ohio St.3d 123, 139, 694 N.E.2d 916. Both prongs of theStrickland test need not be analyzed if his claim can be resolved under only one of them. See State v. Madrigal
(2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. If a claim may be resolved on the issue on grounds of lack of prejudice, that course should be followed. See State v. Loza (1994),71 Ohio St.3d 61, 83, 641 N.E.2d 1082.
 {¶ 25} We have decided in our resolution of appellant's third assignment of error his speedy trial rights were not violated. Thus, appellant suffered no prejudice as a result of his trial counsel's actions. Accordingly, we hereby overrule appellant's first assignment of error.
 III {¶ 26} Appellant asserts in his second assignment of error that the trial court erred by not affording him a hearing on his motion to dismiss for speedy trial violations. Although we agree with appellant that the better practice is to hold a hearings on these motions, we find no error in the instant case with the court's implicit decision to overrule the motion without conducting a hearing.
 {¶ 27} To begin, appellant cites no authority, that mandates a hearing on a motion to dismiss. Although, this may be the better practice, when no genuine issue has been raised as to the expiration of speedy trial time a trial court should not be required to hold a hearing and a reviewing court should not reverse a conviction merely on the grounds that a hearing was not held.
 {¶ 28} Moreover, the premise underlying appellant's argument is that his motion to dismiss set out a prima facie case for discharge. As we have discussed earlier, however, we do not believe that appellant made such a case. Appellant's "bare bones" motion did not sufficiently and explicitly allege that he was held solely on the pending charges at issue in this case and did not offer anything to rebut the trial court's earlier finding that the prosecution's requests for continuances were "reasonable" and tolled speedy trial time. Accordingly, we find that the trial court did not violate appellant's due process rights by implicitly overruling the motion without a hearing and we hereby overrule appellant's second assignment of error.
 IV {¶ 29} Appellant asserts in his fourth assignment of error that his sentences violate his Sixth Amendment right to a jury trial. Specifically, appellant contends the trial court violated the recent decisions of the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403,124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___, ___ L.Ed.2d ___, 125 S.Ct. 738 by imposing four year sentences on each count, and then ordering them to be served consecutively. We disagree.
 {¶ 30} We considered these arguments in many cases over the last year and a half and held that (1) Blakely and Booker do not apply to the Ohio felony sentencing laws, see e.g. State v.Scheer, 158 Ohio App.3d 432, 816 N.E.2d 602, 2004-Ohio-4792, at ¶ 15; State v. Sideris, Athens App. No. 04CA37, 2005-Ohio-1055, at ¶ 15; State v. Wheeler, Washington App. No. 04CA1,2005-Ohio-479, at ¶ 16, (Entry on Application for Reconsideration and Motion to Certify a Conflict); State v. Hardie, Washington App. No. 04CA24, 2004-Ohio-7277, at ¶¶ 7-9, and (2) Blakely andBooker do not apply to imposition of consecutive sentences. See e.g. State v. Morris, Highland App. No. 04CA20, 2005-Ohio-2980, at ¶ 11; State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, at ¶ 23.
 {¶ 31} We find nothing in appellant's brief to persuade us to deviate from our position. Therefore, we adhere to those rulings until the Ohio or United States Supreme Courts determine otherwise. Accordingly, we hereby overrule appellant's fourth assignment of error.
 {¶ 32} Having reviewed all the errors assigned and argued in the briefs, and after finding merit in none of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[2] Appellant's brief does not contain a statement of facts as required by App.R. 16(A)(6). In lieu thereof, he has a one sentence explanation that the facts "are the same" as those set forth in his statement of the case. App.R. 16 requires a brief to include both a statement of facts and a statement of the case. Id. at (A)(5)(6). These provisions are mandatory and appellants may not select which rules they will follow.
[3] The record is unclear when appellant was actually arrested. We take the August 31st date from allegations included in his motion to dismiss. Appellant also uses the August 31st date in his brief. The prosecution's brief concurs with appellant's factual recitation.
[4] The prosecution argues that appellant was not held in jail solely on the pending charge and attaches documents from a Chillicothe Municipal Court case to show that appellant was also held on an unrelated felonious assault charge thus negating application of the triple-count provision. We find no copies of these documents in the record of this case, however, and are prevented from considering them as exhibits attached to the briefs. See State v. Morris, Highland App. No. 04CA20,2005-Ohio-2980, at ¶ 3, fn. 1; State v. Estep (Jun. 26, 1995), Ross App. No. 94CA2007.