DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court re-sentencing. A jury found Larry Perry, defendant below and appellant herein, guilty of four counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Appellate counsel (1) states that he has reviewed the record and can discern no meritorious claims for appeal; and (2) under Anders v. California (1967), 386 U.S. 738, 18 L.Ed.2d 493,87 S.Ct. 1396, requests to withdraw from the case. *Page 2 
 {¶ 2} Initially, we note that in Anders the United States Supreme Court held that if counsel determines, after a thorough and conscientious examination of the record, that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Furthermore, counsel must accompany the request with a brief that identifies anything in the record that could arguably support the appeal. Id. Counsel must also provide appellant with a copy of the brief and allow him sufficient time to raise any matters that he so chooses. Id. Once these requirements have been satisfied, the appellate court must fully examine the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may either grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 3} Counsel assigned one potential assignment of error for this court to consider:
 "THE TRIAL COURT ERRED IN ITS APPLICATION OF OHIO SUPREME COURT PRECEDENT IN STATE V. FOSTER."
In addition, appellant filed pro se a brief and assigns the following potential errors for consideration:
 FIRST PRO SE ASSIGNMENT OF ERROR:
 "TRIAL COURT ERRED IN ITS APPLICATION OF OHIO SUPREME COURT PRECEDENT IN STATE V. FOSTER[.]"
 SECOND PRO SE ASSIGNMENT OF ERROR: *Page 3 
 "THE SEVERANCE REMEDY FASHIONED BY THE COURT IN FOSTER MADE MORE BURDENSOME THE PUNISHMENT FOR A CRIME, AFTER ITS COMMISSION, AND, THEREFORE, VIOLATES THE EX POST FACTO CLAUSE[.]"
 THIRD PRO SE ASSIGNMENT OF ERROR:
 "THE COURT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES OF 16 YEARS, EXCEEDING THE MAXIMUM SENTENCE ALLOWED FOR THE MOST SERIOUS OFFENSE."
 {¶ 4} On April 30, 2004, the Ross County Grand Jury returned an indictment that charged appellant with ten (10) counts of unlawful sexual conduct with a minor. The jury found appellant guilty on four of the ten counts.[1] On March 15, 2005, the trial sentenced appellant to serve four years in prison on each count with the sentences to be served consecutively.
 {¶ 5} We affirmed appellant's conviction. See State v. Perry, Ross App. No. 05CA2837, 2006-Ohio-219. The Ohio Supreme Court, however, reversed our judgment under State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, and remanded the case for re-sentencing. After the October 5, 2006 sentencing hearing, the trial court imposed the same sentence (four years on each charge with the sentences to be served consecutively). This appeal followed.
 I {¶ 6} We jointly consider appellate counsel's assignment of error and appellants first two pro se assignments of error *Page 4 
because they raise the same issues. Both maintain that the trial court somehow misapplied Foster. Neither are clear, however, why they believe the court misapplied Foster and we find no error in our review of the court's re-sentencing. To the extent that counsel and appellant argue that re-imposition of the same sentence constitutes an ex post facto application of the law and is therefore prohibited, we have previously considered that argument and have rejected it. See e.g. State v.Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; State v.Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Additionally, other Ohio appellate courts have rejected that argument as well. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶21-23. Although most of these cases involve the imposition of non-minimum sentences, we have also found no ex post facto violation with respect to consecutive sentencing. See e.g. State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6, fn. 2; State v.Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 10-12.
 {¶ 7} Nothing in counsel's brief or in appellant's pro se brief prompts us to reconsider these rulings. Thus, we hereby overrule counsel's assignment of error and appellant's first and second pro se assignments of error.
 II *Page 5 {¶ 8} Appellant argues in his third pro se assignment of error that his sentence is improper because the sum total of the years he must spend in prison (16) exceeds the allowable maximum sentence for a third degree felony (5 years). We find no merit to this argument.
 {¶ 9} First, the five year maximum in R.C. 2929.14(A)(3) applies to a single offense, not the maximum allowable prison term for multiple offenses. Second, appellant cites no authority for the proposition that consecutive sentences cannot exceed the maximum prison time allowed for a single such offense. Therefore, we hereby overrule appellant's third pro se assignment of error.
 {¶ 10} In conclusion, having reviewed appellate counsel's proposed assignment of error, together with appellant's pro se potential assignments of error, and having discovered no meritorious issues for appeal ourselves, we grant counsel's motion to withdraw and we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay *Page 6 
is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Four of the other six counts were dismissed and the jury acquitted appellant of the remaining two charges. *Page 1